## SUPREME COURT.

ANDERSON DUNN, respondent, agt. EDWARD D. JAMES, appellant.

*Contract— Quantum meruit — Evidence — Memoranda — when admissible — Entry in books — Proof of facts entered — Trial — Questions for a jury.*

On a trial before a jury the question as to the admission of a memorandum book, like any memorandum resorted to, to. aid or correct the memory, which, without it, would be indefinite and uncertain, is not whether it was admissible as the case stood when it was offered and received, but it may be received with reference to other evidence afterwards to be submitted.

Where the plaintiff swears that he had a memorandum book kept by G. ; that he was unable to keep it; that when money was paid him he took the book to G., who entered it; that he gave the items of money paid him to G. correctly; and the latter swears that he made the entries on the book correctly as the sums were given him :

*Held,* that this was a verification of the book as a memorandum in aid of the memory, rendering it definite and certain as to the money paid.

*Held,* also, that this evidence, thus made certain in its effect, is admissible.

*Held,* further, that where it was proved that the book was drawn off on a paper in the form of an account, and what the book contained was put upon this paper, thus making a sworn transcript of the book, and that this account was furnished to the defendant, and after he had examined it he said, " I find it pretty correct."

*Held,* that this evidence rendered the book competent as a memorandum, for the defendant had in substance admitted its correctness by admitting the correctness of a verified copy.

Although the evidence of the defendant tended to a contradiction of these admissions, yet in this view the entire evidence, including the book as a verified memorandum, was proper for the consideration of the jury.

Where, upon the close of the case, the plaintiff's counsel suggested that the accounts of the plaintiff, which was the sworn copy of the book

Dunn agt. James.

and the memorandum used by the defendant while testifying, should be delivered to the jury; and the judge stated that if neither party objected they could be so delivered, and no objection being made, the same were handed to the jury:

*Held*, that this was in effect a consent that the account, which was shown to have been taken correctly from the book, might go before the jury on the occasion of their deliberations, and took away all just ground for the objections that the book was improperly admitted, if any such ground before existed.

*Third Department, General Term, December*, 1879.

*Before* LEARNED, *P. J.*, BOCKES *and* BOARDMAN, *JJ.*

BOCKES, *J.* — The action was for work, labor and services, and for money paid, laid out and expended.

The plaintiff established his case for work and labor by his own testimony, and that given by other witnesses tending in some considerable degree in his corroboration. His evidence was disputed by the defendant in several important particulars; but the jury passed on these questions of controverted facts, and found in favor of the plaintiff. It must then be assumed, giving the verdict due significance and force, that the plaintiff labored for the defendant for a long time, and was to have twenty-five dollars per month — four dollars per month for board and one dollar per week for washing. Under this arrangement he earned a large amount, far exceeding the sum awarded him by the jury. The plaintiff testified, as did also the defendant, to various payments; and as the case comes before us on the verdict of the jury as to time of service and arrangement for compensation, the principal question on this appeal is in regard to the sums or amount paid. Indeed, this is here the principal, if not the only question, even if it be conceded that the jury ignored the alleged agreement for compensation testified to by the plaintiff, and based their verdict on a *quantum meruit*.

It may be well here to consider and dispose of another point in the case on which great significance is placed by the defendant's counsel. The defendant held and put in evidence

a certificate of settlement or receipt given him by the plaintiff at or near the time of the termination of the plaintiff's services. This receipt stated that it was given on compromise of mutual accounts and claims between the parties, and on final settlement between them, and fixed the balance due the plaintiff at $500. It further acknowledged the payment of $250 then, leaving a balance of $250 to be paid within two months thereafter. The integrity of this paper was assailed. It was claimed to have been improperly or fraudulently obtained; that the plaintiff, who was an ignorant and illiterate man, not able to read writing, was not made acquainted with its contents, and that its contents were misrepresented to him. The jury found against its validity. This paper was open to attack for fraud; or as a receipt simply, was subject to explanation, in view of the peculiarity of the paper itself, the singularity of its contents, considered with reference to the matters unsettled and undisputed between the parties, the position of the parties — one an educated professional man, a lawyer, the other an uneducated, ignorant, common laborer, unable to read writing. The express denial of the plaintiff that the paper was truthfully and fully read to him, or its contents fully and truthfully stated, with the corroboration to a great extent given by another witness, made the validity and binding force of the paper a proper subject for consideration and determination by the jury. The question is not one for the court on the evidence. How we should find on the proof is immaterial; it is sufficient for the respondent on this appeal that a case on this point was made for the jury. The court is not at liberty under the facts proved to gainsay the verdict. The alleged defense then, which rested on the integrity of the paper alluded to, is by the verdict put out of the way; nor did this require the restoration of the $250 paid at the time the paper was given. If the paper was found to be invalid and void the case was left as if it had never existed, and the money then paid would be applied in reduction of the plaintiff's claims.

The important question on this appeal arises upon the admission of the plaintiff's memorandum book as evidence before the jury. The question is not whether it was admissible as the case stood when it was offered and received, for it may and probably was received with reference to other evidence afterwards to be submitted. This practice in the admission of evidence is often adopted on the trial. Other and further evidence will often overcome an objection well based until such evidence be put in. So the question is whether the book was admissible, as the case was made on all the evidence submitted. It is in this view that the question is presented here for examination. So, too, it must be held in mind that the book was not admitted as a book of accounts, but as a memorandum, like any memorandum resorted to to aid or correct the memory, which without it would be indefinite and uncertain.

There are two ways in which the admission of the book as a memorandum may be justified. It is proved that the book was drawn off on a paper in the form of an account; what the book contained was put upon this paper. Now we have a sworn transcript of the book. This account, as it was called (this transcript being a copy of the book), was furnished to the defendant, and after he had examined it he, as the witness stated, said : " I find it pretty correct." The plaintiff testified that " when he looked over my account he said it was all right." This was the transcript from the book made by Gorman, which the latter swears in substance was so correctly made. The plaintiff says : " I took a bill down to Mr. James of the amount that was then due me ; *that was the bill made by Mr. Gorman from the book.*" Now, this evidence rendered the book competent as a memorandum, for the defendant had in substance admitted its correctness by admitting the correctness of a verified copy. True, the evidence of the defendant tended to a contradiction of these admissions, but in this view the entire evidence, including the book as a verified memorandum, was proper for the consideration of the jury.

Dunn agt. James.

Then the admission of the book is seen to have been proper as a memorandum verified by the defendant's admission, in case the evidence on the part of the plaintiff bearing on the question shall be deemed credible. That was for the jury.

Again, the book is verified as a memorandum in so far as entries of payments were made on it, and it was in this regard that it was offered and received independent of the defendant's admission of the correctness of the sworn transcript from it. The plaintiff swears that he had a memorandum book kept by Mr. Gorman; that he was unable to keep it; that when money was paid him he took the book to Gorman, who entered it; that he told Gorman the amount received from the defendant. Gorman swears that he made the entries correctly as he was told. He says, speaking on this point, "I did just as he told me — I put it in this book." This evidence, with some other proof bearing on the subject, was given under the ruling of the court, that the plaintiff might prove the account Gorman kept, and show by this plaintiff, that he gave Gorman a true statement of what he had received and that Gorman kept the account as requested. Now, according to the case here presented, the plaintiff swears, in substance and effect, that he gave the items of moneys paid him to Gorman correctly; and the latter swears that he made the entries on the book correctly, as the sums were given him. This was a verification of the book as a memorandum in aid of the memory, rendering it definite and certain as to the money paid. This evidence, too, thus made certain in its effect, was admissible (*Shiar* agt. *Van Dyke*, 10 *Hun*, 528; *Pugne* agt. *Hodge*, 7 *Hun*, 612). In the last case cited the plaintiff testified that he made entries in accordance with statements made to him by another witness, and the latter testified that such statements were correct. The evidence thus made complete was held to be competent. The book, then, in this view, became competent evidence as a memorandum. Its admission was not error.

And again it appears that at the close of the case the plaintiff's counsel suggested that the accounts of the plaintiff (this

was the sworn copy of the book), and the memorandum used by the defendant while giving his testimony, should be delivered to the jury; and the judge thereupon stated that if neither party objected the accounts could be so delivered; and no objection being made, the accounts were handed to the jury, who thereupon took them and retired for deliberation. Here was in effect a consent that the account, which was shown to have been taken correctly from the book, might go before the jury on the occasion of their deliberations. This took away all just ground for the objections that the book was improperly admitted, if indeed any such ground before existed.

A motion to set aside the verdict of the jury made on the minutes of the court was made and denied; but it does not appear that any formal order was entered, and there is no formal appeal, as there probably would not be, from that ruling.

The judgment appealed from must be affirmed, with costs. BOARDMAN, J., concurs.

NOTE. — This judgment was affirmed by the court of appeals on above opinion, June, 1881. [ED.